**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GERALD ABNER,

               Plaintiff,

                                      CASE NO: 03-71040

-vs-

                                      PAUL D. BORMAN

FOCUS HOPE, et al.,                    UNITED STATES DISTRICT JUDGE

               Defendants.
_____ /

## **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is *pro se* Plaintiff Gerald Abner's December 12, 2007, "RE: Request to Remove Order Case no. 03-X-71040." (Doc. No. 4). The Court liberally construes Plaintiff's filing as a Motion for Relief from the Court's March 31, 2003 Order denying Plaintiff's Motion to File a Complaint.

Plaintiff requests the Court remove the Honorable Avern Cohn's order in an unrelated matter, *Abner v. Ford Motor Co. Chesterfield Plant*, No. 03-70789 (E.D. Mich. Mar. 11, 2003), which enjoined Plaintiff from filing any new complaints in the United States District Court for the Eastern District of Michigan against any of the defendants in Plaintiff's previously filed cases before this Court. On March 14, 2007, Plaintiff motioned the Court for leave to file a complaint against Focus Hope. This Court denied his Motion finding that Plaintiff was enjoined from filing such a complaint and his proposed complaint merely challenged the Honorable Bernard A. Friedman's March 12, 2003, dismissal of his complaint against Focus Hope. *See Abner v. Focus Hope*, No. 03-70328 (E.D. Mich. Mar. 12, 2003). The Court specified in its Order that "Plaintiff's proper recourse is not the filing of a new complaint with this Court; Plaintiff may challenge this decision through a properly filed motion for reconsideration and/or appeal to the United States Court of Appeals for

the Sixth Circuit." (Doc. No. 3).

Federal Rule of Civil Procedure, provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Fed. R. Civ. P. 60(b).

Plaintiff's current Motion comes approximately four years after the Court denied his previous request. Further, Plaintiff has not alleged the Order is void or the injunction has been lifted. Therefore, the Court construes Plaintiff's Motion as one for relief pursuant to Rule 60(b)(6), "any other reason justifying relief."

Plaintiff argues the Court should lift the order for the reason that he has new witnesses and "seeks to file in the future a civil suit or open up previous case, Gerald Abner v. Focus: HOPE for other civil rights." (Plf. Br. at 3).

The Court finds Plaintiff's Motion is without merit. Again, Plaintiff is seeking to re-open his previous case against Focus Hope which was dismissed four years ago. The Court finds this is an improper procedure to accomplish that result. Further, Plaintiff has cited no reasons which could justify such relief in this case.

Accordingly, the Court **DENIES** Plaintiff's Motion for Relief from Judgment. (Doc. No. 4).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 31, 2008.

s/Denise Goodine
Case Manager